UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AKECHETA A. MORNINGSTAR                                                                    PLAINTIFF

V.                                                                  CIVIL ACTION NO. 3:26-CV-36-DPJ-LGI

ADVANCED DENTAL, PLLC AND
GARNER NICHOLS DENTAL, PLLC                                                            DEFENDANTS

ORDER

Plaintiff Akecheta A. Morningstar moved for recusal [18], citing 28 U.S.C. § 455(a). Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Morningstar believes recusal is necessary for two reasons. First, he says he "made serious allegations involving Judge Daniel P. Jordan III (who authorized the reassignment) and Judge Tom Lee concerning judge shopping and procedural irregularities." Mot. [18] at 1–2. The undersigned reassigned the case to Judge Kristi Johnson. *See Morningstar v. Kroger Co.*, No. 3:20-CV-424-TSL-LGI, Order [62]. Judge Johson later recused, and the case was reassigned to Judge Lee. *Id.*, Order [88] (signed by Judge Johnson). The act of signing a reassignment order as chief judge does not present grounds for recusal.

Second, Morningstar points to the 2016 dismissal of *Johnson v. Patty Peck Honda*, No. 3:15-CV-223-DPJ-FKB (*Johnson*) to support his motion for recusal. Morningstar went by the name Audray Johnson at the time, and he now says "Defendants were allowed to evade accountability" and that the Court "verbally directed the Defense Counsel that 'they did not have to answer the Plaintiff's allegations.'" Mot. [18] at 2.

These accusations are factually unfounded. At no point did the undersigned "verbally direct[]" Defendants not to answer the Complaint. *Id.* In fact, there were no hearings before the

undersigned during which verbal statements could be made. The Court did eventually dismiss the case, but "rulings in previous cases will almost never form a sufficient basis for bias [for recusal]," unless they show such substantial antagonism that a fair judgment is impossible." *Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 328 (5th Cir. 2011) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)).

Such antagonism neither existed nor was it evidenced in any order or proceeding. Because Plaintiff's original *Johnson* complaint failed to state a claim, Defendants moved to dismiss rather than answer. *See Johnson*, Mots. [6, 14]. Federal Rule of Civil Procedure 12(a)(4) expressly allows that approach. The Court then considered the motion to dismiss and granted it under Rule 12(b)(6). *See id.*, Order [24] at 1. But in fairness to Morningstar, the Court gave him a second chance to avoid dismissal and invited him to file a motion seeking leave to amend. *See id.* Morningstar filed three such motions with three proposed amended complaints. *See id.*, Mots. [25, 31, 35]. The Court considered all three proposed pleadings but concluded that there was no viable claim. *See id.*, Order [38]. Only then was the case dismissed. *See id.* Morningstar has not identified anything in that history that would create the appearance of impropriety.

The Court has considered all arguments raised in the motion; those not specifically addressed would not have changed the result. For the reasons stated, Plaintiff's motion to recuse [18] is denied.

**SO ORDERED AND ADJUDGED** this the 17th day of February, 2026.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE